**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUAN X. HIGH, | ) |
| Petitioner, | ) 2:11-cv-01736-PMP-GWF |
| vs. | ) **ORDER** |
| GREGORY COX, *et al.*, | ) |
| Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

The petition in the instant action challenges petitioner's state conviction in case number C-62508. Petitioner previously challenged this same conviction in this Court, filed under case number 3:00-cv-00346-LRH-VPC. By order filed September 11, 2003, the Court denied the petition on the merits in case number 3:00-cv-00346-LRH-VPC. (ECF No. 56). Judgment was entered on September 12, 2003. (ECF No. 57).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). The instant petition is a successive petition, which requires petitioner to seek and obtain leave of the Ninth Circuit Court of Appeal to pursue. *See* 28 U.S.C. § 2244(b)(3) *et seq.* The petitioner has not presented this Court with proof

that he has obtained leave to file a successive petition from the Court of Appeals.  Therefore, the petition will be dismissed.

In order to proceed with any appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice as a successive petition.

**IT IS FURTHER ORDERED** that all pending motions in this action are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

/ / /

/ / /

/ / /

1  **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED:  November 17, 2011.

_____
PHILIP M. PRO
United States District Judge